```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                       FORT SMITH DIVISION

CANAL INSURANCE COMPANY                                  PLAINTIFF

v.                         No. 2:10-CV-02041

ML&S TRUCKING, INC.; MARCUS
D. MORRIS; LEODIS BURGESS; PACIFIC
CARGO SERVICES, INC. d/b/a Pacific
Cargo Services; WON B. KIM; OLGA
M. DEPADILLA; and THOMAS W. YOUNG                       DEFENDANTS
```

## ORDER

Currently before the Court are Plaintiff's Motion for Summary Judgment (Doc. 39) and supporting documents; Defendant, Thomas W. Young's Response (Doc. 45), Plaintiff's Reply (Doc. 48); Defendant Thomas W. Young's Motion for Summary Judgment (Doc. 70) and supporting documents; ML&S Trucking, Inc.'s (hereinafter sometimes referred to as "ML&S") Motion for Summary Judgment (Doc. 73) and supporting documents; and Plaintiff's Response to Defendants Young & ML&S's Motions for Summary Judgment (Doc. 76). For the reasons set forth herein, Plaintiff's Motion for Summary Judgment (Doc. 39) is DENIED, and Defendants' Motions for Summary Judgment (Docs. 70 and 73) are GRANTED.

**I. Procedural History**

Plaintiff, Canal Insurance Company filed a Complaint for Declaratory Judgment in this Court on March 22, 2010, requesting that this Court determine and adjudicate the rights of the parties and to declare that Plaintiff does not provide any insurance

coverage in connection with an accident which occurred on May 4, 2009, which is the subject of another lawsuit before this Court (Case No. 2:09-CV-2148; hereinafter referred to as "the underlying case"). Specifically, Plaintiff requests that the Court determine that it has no duty or obligation to defend ML&S Trucking, Inc., Marcus D. Morris, and/or Leodis Burgess; that it has no duty to pay any sums for liability and/or indemnity; that it has no statutory and/or contractual duties to defend, indemnify, or pay any judgments rendered against the defendants in the underlying case, and that it is legally and/or equitably entitled to reimbursement from the defendants in the underlying case for any and all costs it has incurred defending the underlying case. *See* Doc. 1.

Plaintiff filed its Motion for Summary Judgment (Doc. 39) on February 23, 2011, claiming that it is entitled to be fully and finally discharged from all liability, including duties to defend and indemnify their insured, ML&S Trucking, Inc., in the underlying case, and that it has no duty to pay public indemnity under the MCS-90 Endorsement.

Defendant ML&S Trucking, Inc. filed its Answer on April 20, 2011 (Doc. 51), and Plaintiff moved to strike the answer as untimely (Doc. 52). Contemporaneously with its ruling on Plaintiff's Motion to Strike the answer of ML&S Trucking, Inc., this Court determined that, based on the record before it, the issues in this case were purely legal ones, and ordered Defendants

to file Motions for Summary Judgment so the case could be decided on the basis of the Motions. Defendants Young and ML&S filed their Motions for Summary Judgment on May 31, 2011 (Docs. 70 and 73, respectively). Plaintiff filed its Response to Defendants' Motions on June 13, 2011 (Doc. 76).

**II. Summary Judgment Standard**

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1998). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The Plaintiff's case involves an insurance coverage question.

Canal Insurance Company seeks a determination that the plaintiff in the underlying case, Thomas W. Young, is excluded from coverage on the grounds that he is classified as an "employee", or that he falls within the "occupant hazard" exclusion of the policy. If neither exclusion applies, Canal asserts that Young is not a member of the public and therefore not covered by the policy's MCS-90 endorsement, which acts as a surety and comes into play when "the underlying insurance policy to which the endorsement is attached does not otherwise provide liability coverage." *Carolina Cas. Ins. Co. v. Yeates*, 584 F.3d 868, 881 (10th Cir. 2009).

In its complaint, Plaintiff asserts that Mr. Young should be classified as an "employee" and cites language from its policy which excludes coverage for: "Bodily injury to an "employee" of the "insured" arising out of and in the course of: (1) Employment by the "insured; or (2) Performing the duties related to the conduct of the 'insured's' business." (Canal Policy Section B. (4) Exclusion).

In support of its argument that Young should be classified as an employee for purposes of the policy exclusion, Canal relies on language from the Motor Carrier Safety Act, 49 U.S.C. § 31132(2), which defines "employee" as:

> [A]n operator of a commercial motor vehicle (including an independent contractor when operating a commercial motor vehicle), a mechanic, a freight handler, or an individual not an employer, who-
> (A) directly affects commercial motor vehicle safety in the course of employment; and

>    (B) is not an employee of the United States Government,
> a State, or a political subdivision of a State. *Id.*

In this case, the parties do not dispute that Thomas Young never operated the subject vehicle, never helped load or unload the vehicle, and performed no function to assist the driver of the vehicle. Certainly he was not an employee of ML&S under the ordinary definition of "employee." Furthermore, any agreement between the driver of the truck and Mr. Young with respect to any duties Young was to perform was outside the scope of the driver's authority and was repudiated by ML&S as evidenced by the driver's subsequent termination.

Based on the information submitted, including arguments of counsel, the Court finds that that Mr. Young was not an "employee" for purposes of the policy exclusion. Therefore, the employee exclusion contained in Canal's insurance policy does not apply.

Canal also seeks a determination that Mr. Young was an occupant of the vehicle at the time of the accident. Canal's policy excludes coverage for "[b]odily injury sustained by any person while in or upon, entering or alighting from the 'auto'" (Canal Policy Section II B. (14)). Mr. Young testified at his deposition that he was outside the truck at the time of the accident. Both parties agree that Mr. Young was "situated between the rear tandems of the ML&S tractor and the cab of the ML&S tractor" (Doc. 41; Doc. 46; Doc. 72; Doc. 74; and Doc. 77).

The facts before the Court indicate that Mr. Young was outside the tractor at the time of the accident, and that he was not "in or upon, entering or alighting" from the tractor at the time of the accident. The Court finds that this policy exclusion does not apply to the facts of this case.

Finally, Canal states that, if Mr. Young is not excluded from coverage under either the employee or occupant exclusion, Mr. Young is not a member of the public and thus not entitled to protection by the MCS-90 endorsement. The policy of insurance issued by Canal in this case contained this endorsement, which is required pursuant to 49 C.F.R. § 387.301(a) and § 387.7. The main purpose of the MCS-90 endorsement is to ensure that the public is adequately protected from the risks created by a motor carrier's operations and to ensure the collectability of a judgment against the motor carrier. *Carolina Cas. Ins. Co. v. Yeates*, *supra*, at 875.

Because the Court has found that neither the Employee nor Occupant Hazard exclusions apply, there is no need to address the applicability of the MCS-90 endorsement.

### III. Conclusion

It is the finding of the Court that neither the employee exclusion nor the occupant hazard exclusion of the Plaintiff's insurance policy apply to Young's claims which gave rise to the underlying case. Accordingly, Defendants' Motions for Summary Judgment (Docs. 70 and 73) are hereby **GRANTED** and Plaintiff's

Motion for Summary Judgment (Doc. 39) is hereby **DENIED**. Pursuant to its insurance policy, Canal owes ML&S Trucking, Inc. a duty to defend and indemnify it for the claims made by Thomas W. Young in the underlying case.

IT IS SO ORDERED this 6th day of July, 2011.

/s/ *Paul K. Holmes,* III
**PAUL K. HOLMES, III**
**UNITED STATES DISTRICT JUDGE**